Felix Espinoza-Quiroz
SID# 18447509
Snake River Correctional Institution
777 Stanton Blvd
Ontario, OR 97914

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

Civil Case No. 2:18-cv-467-HZ

**FELIX ESPINOZA-QUIROZ,**

Petitioner,

v.

**BRAD CAIN, Superintendant, Snake,**
**River Correctional Institution,**

Respondent(s),

**PETITION FOR WRIT OF**
**HABEAS CORPUS**
**PURSUANT TO 28 U.S.C § 2254**
**PETITION by a person in state custody.**

## CONVICTION UNDER ATTACK

1.  Name and location of court which entered the judgment of conviction under attack:
    Washington County Circuit Court.

2.  Criminal docket or case number (if known): **C100947CR, C101996CR.**

3.  Date of judgment of conviction: **December 14, 2010**

4.  Length of sentence: **100 Months and later 20 months were added total: 120 Months**

5.  Nature of Offense involved (all counts): **(Counts 8 and Sexual Abuse in the First**
    **Degree  and latter charged with Tampering with a Witness (Class C Felony, Crime**
    **seriousness 6)** Petitioner was accused by the Grand Jury of Washington County of 21
    criminal charges, however was found guilty of the above 3.

6.  What was your plea? (check one)

    [x] Not Guilty            [ ] Guilty

    [ ] Nolo Contender        [ ] Insanity Plea

Page -- of  – Federal Habeas Corpus

If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

7.   If you pleaded not guilty, what kind of trial did you have? (check one)

[ **X** ] Jury                    [  ] Judge Only

8.   Did you testify at trial? (check one)

[  ] Yes                    [X] No

## EXHAUSTION OF STATE REMIDIES

## DIRECT APPEAL

9.   Did you directly appeal from the judgment of conviction? (check one)

[**X**] Yes                    [  ] No

10.   If you did appeal, answer the following:

a.   Name of Court: <u>Oregon Court of Appeals</u>

b.   Docket or case number (if known) A147570 (Control), A147571

c.   Result: AFFIRMED WITHOUT OPINION

d.   Date of result and citation, if known: April 10, 2013, State v. Felix Espinoza-Quiroz, 256 Ore. App. 144; 300 P.3d 311; 2013 Ore. App. LEXIS 438

e.   **Grounds** raised: **FIRST ASSIGNMENT OF ERROR**: The trial Court Erred in Denying Defendant's Motion for Mistrial.

f.   **SECOND ASSIGNMENT OF ERROR**:The trial Court erred in overruling defendant's objection to the prosecutor's rebuttal argument that defendant had the burden to prove that he was not guilty.

g.   **THIRD ASSIGNMENT OF ERROR**:The trial Court erred when it, *Sua sponte,* failed to cure the prejudice caused by the prosecutor's rebuttal argument wherein

the prosecutor argued that defendant had the burden to prove that he was not guilty.

 h. **FOURTH ASSIGNMENT OF ERROR:**The trial Court erred when it instructed the Jury that it Could find defendant guilty by a non-unanimous verdict.

11. Did you seek further review of the decision on appeal by a higher state court?

  [ X] Yes     [ ] No

 a. Name of Court: <u>Oregon Supreme Court</u>

 b. Docket or case number (if known)  061308

 c. Result: Petition for review denied.

 d. Date of result and citation, if known:  July 25, 2013, Decided

 e. Grounds raised: **First Question Presented:** Must a trial Court grant a mistrial when during the testimony of the victim in front of Jury, a defendant erupts into an outburst, yells at the witness, pounds his fists on the table, flips the table over, attacks a police Officer, runs around the Court room appearing to be crazed and unable to control himself, and ultimately, is tackled and restrained by multiple police Officers?

 f. **Second Question Presented:** Must a trial Court sustain a defendant's objection and give a curative instruction to a Jury or grant a mistrial when the prosecutor argues in rebuttal, not once, but fifteen times that in order to find a defendant not guilty the Jury must believe that the victim lied?

 g. **Third Question Presented:** Must a Jury be unanimous to return a guilty verdict for felony offense?

---

12. Did you file a petition for certiorari in the United States Supreme Court?

  [ ] Yes     [X] No

 a. Result:  **NA**

b.     Docket or case number (if known): **NA**

c.     Date of result and citation, if known: **NA**

d.     Grounds raised: **NA**

13.     If you did not directly appeal from the judgment of conviction, explain briefly why you
        did not:

        Petitioner was told it was not necessary

## POST-CONVICTION RELIEF

14.     Did you file a petition for state post-conviction relief or state petition for writ of habeas
        corpus?

                [ **X** ] Yes                        [  ] No

a.     Name of Court: Malheur County Circuit Court

b.     Docket or case number (if known) 1310537P

c.     Nature of proceeding: Post-Conviction Relief

d.     Did you receive an evidentiary hearing?
        [  ] Yes                        [ **X**] No

e.     Result: Malheur County Circuit Court Denied Relief

f.     Date of result and citation or case number, if known:

g.     **Grounds raised: Under Ineffective Assistance of trial Counsel in violation of
       petitioner's Constitutional Rights Guaranteed Under the 5, 6, and 14th
       Amendments of the United States Constitution Due Process when he:**

h.     **Ground One:** Failed to obtain an expert Child psychologist who is train in
       Oregon Interview Guidelines to evaluate the interview methods used by the
       school counselor, DHS employees, law enforcement, and CARES personnel, and
       to evaluate the reliability of the of the alleged-victim's allegations.

Page -- of – Federal Habeas Corpus

i.    **Ground Two:** Failed to object to the introduction of Child hearsay statements. OEC 803(18a)(b) provides an exception to the general rule prohibiting hearsay. But, as a pre-condition to admissibility, it is incumbent upon the party offering child hearsay testimony to give notice, at least 15 days before trial, of its intent to rely on child hearsay statements.

j.    **Ground 3:** trial Counsel failed to move to sever  the two indictments and have petitioner tried separately in two trials or advise petitioner to plead guilty to the charges brought in case No. C101996CR. Petitioner was tried for the charges listed on the indictments for both Case No. C100947CR and C10199CR in one trial.

k.    **Ground Four:** trial counsel failure to move for an election which would require the prosecutor to identify which set of factual occurrences it would rely on to support each allegation of petitioner's indictment.

l.    **Ground Five:** Trial Counsel failed to ensure that petitioner's guilty plea was entered knowingly, intelligently, and voluntarily. At the time petitioner entered his guilty plea, petitioner had received no formal education, in either Mexico or the United states, and was unable to read or write in either Spanish or English.

15.    Did you appeal the result of your state post-conviction or state habeas corpus proceeding?

    [X] Yes               [ ] No

a.    Name of Court: <u>Oregon Court Of Appeals</u>

b.    Docket or case number (if known) <u>A160224</u>

c.    Result: <u>AFFIRMED WITHOUT OPINION</u>

d.    Date of result and citation or case number, if known: July 6, 2017, Filed (FELIX ESPINOZA QUIROZ, v. MARK NOOTH, 286 Ore. App. 744; 398 P.3d 1021; 2017 Ore. App. LEXIS 844)

e.    **Grounds** raised: **First Assignment of Error:** The Post-conviction court erred when it denied petitioner relief on his first claim for relief, trial counsel was ineffective and inadequate for failure to object to consolidation and move for severance of the counts.

f.    **Ground Two: Second Assignment of Error:** The post-conviction court erred in denying petitioner relief on the claim that trial counsel was ineffective and inadequate for failing to object to child hearsay statements on the basis that the state's notice under OEC 803 (18a)(b) was insufficient

---

16.   Did you seek further review of the decision on appeal by a higher state court?

[X] Yes                          [ ] No

a.    Name of Court: <u>Oregon Supreme Court</u>

b.    Docket or case number (if known): <u>S065302</u>

c.    Result: <u>Petition for review Denied</u>

d.    Date of result and citation or case number, if known: <u>November 28th 2017</u>

e.    **Grounds raised:** First Question Presented: Must trial court grant a mistrial when during the testimony of the victim in front of the Jury, a defendant erupts into an outburst, yells at the witness, pounds his fists on the table, flips the table over, attacks a police office, runs around the courtroom appearing to be crazed and unable to control himself, and ultimately, is tackled and restrained by multiple police officers ?

f.    **Second Question Presented:** Must a trial court sustain a defendant's objection and give a curative instruction to a Jury or grant a mistrial when the prosecutor argues in rebuttal, not once, but fifteen times, that in order to find a defendant not guilty the Jury must believe that the victim lied ?

g.    **Third Question Presented:** Must a Jury be unanimous to return a guilty verdict for a felony offense ?

---

Page -- of – Federal Habeas Corpus

17.   If you did not appeal from the adverse decision in your state post-conviction or state habeas corpus proceeding, explain briefly why you did not:

_____

## GROUNDS FOR RELIEF

18.   For this petition, state *concisely* every ground on which you claim that you are being held in violation of the constitution, laws, or treaties of the United States.  Summarize *briefly* the *facts* supporting each ground.  Attach additional pages if you have more than four grounds.

CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust (use up) your available state court remedies as to each ground on which you request action by the federal court.  If you fail to set forth all grounds in this petition, you may be bared from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings.  Each statement proceeded by a letter constitutes a separate ground for possible relief.  You may raise any grounds which you may have other than those listed if you have exhausted your state remedies with respect to them.  However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

a.   Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
b.   **Conviction obtained by use of coerced confession.**
c.   Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
d.   **Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.**
e.   **Conviction obtained by a violation of the privilege against self-incrimination.**
f.   **Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.**
g.   **Conviction obtained by a violation of the protection against double jeopardy.**
h.   **Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.**
i.   **Denial of effective assistance of counsel.**
j.   Denial of right of appeal.

A.   **Ground One:** Ineffective Assistance of trial Counsel in violation of Strickland's

standards and Petitioner's Constitutional Rights Guaranteed Under the 5, 6, and 14th

Amendments of the United States Constitution Due Process when he: Failed to retained an expert Child psychologist who is train on the Oregon Interview Guidelines to evaluate the interview methods used by the school counselor, DHS employees, law enforcement, and CARES personnel, and to evaluate the reliability of the of the alleged-victim's allegations. (See PCR- Amended Petition)

**Supporting FACTS: (Attention: (Attention:** *All the information provided bellow as supporting facts has been copied from the Amended petition for Post Conviction Relief which has been done by petitioner's PCR prior Attorney. Please Note that petitioner had requested help at the SRCI, Legal Library for the preparation of this federal habeas filing. Petitioner does not speak, read or write English doesn't have education. Due to his language barrier he needs a Federal attorney to represent him in this Federal Habeas Corpus proceedings. Please consider petitioner's incompetence and grant him motion for counsel).*

The State of Oregon has developed specific guidelines that are to followed when a counselor interviewing a child that is making claims of sexual assault or abuse. Those guidelines have been reduced to a manual entitled the Oregon Interviewing Guidelines. The guidelines were created after it became commonly accepted and understood that there are certain psychological factors that can affect the reliability of a child's disclosure. Common issues include contaminated reporting, improper questioning methods, source confusion, escalated reporting, delayed reporting, as well as other factors outlined in the Oregon Interviewing Guidelines.

The guidelines set fourth specific practices that should be implemented to ameliorate  the risk of an unreliable disclosure. Here, several issues regarding the alleged-victim's disclosures indicate a risk of delayed reporting, contaminated reporting, and a possible deviant motive.  Further, the interviewing tactics implemented by CARES staff were full of suggestive questioning in dealing with the alleged-victim. At the time of representation, it was well known that suggestive questioning of a child witness will often produce unreliable disclosures. Accordingly, an objectively reasonable criminal defense attorney, under ten-exiting professional norms would have retained a child psychologist,

trained or familiar with the Oregon Interviewing Guidelines, to evaluate the reliability of the alleged-victim's disclosures in the case. The same expert witness would have able to also consult with trial counsel and explain precisely how the manner and method of the alleged-victim's allegations were inherently unreliable. No reasonable strategic or tactical defense objective was furthered by trial counsel's failure to obtain a child psychologist who is trained on the Oregon Interviewing Guidelines. Trial counsel's to do so in this case amounts to the constitutionally inadequate and ineffective assistance of trial counsel.

Petitioner was prejudiced by trial counsel's failure to adhere to a constitutionally minimum standard of care because, had he retained a child psychologist who is trained on the Oregon Interviewing Guidelines, there is a tendency that the result of the underlying proceeding would have been different in that petitioner would have been able to present evidence through expert testimony casting doubt on the alleged-victim's allegations of abuse. (See PCR Petition as well as petitioner's Affidavit of Felix Espinoza-Quiros and CARES NW report, dated May 4th 2010) **(See PCR- Amended Petition)**

B.     **Ground Two:** Ineffective Assistance of  trial Counsel in violation of Strickland's standards and Petitioner's Constitutional Rights Guaranteed Under the 5, 6, and 14th Amendments of the United States Constitution Due Process when he Failed to object to the introduction of Child hearsay statements.

**Supporting FACTS:** Trial counsel's failure to object to inadmissible child hearsay statements cannot be categorized as a permissible tactical decision. No strategic or tactical defense objective was furthered by failing to object to this impermissible child hearsay. The Oregon Evidence Code 803(18a)(b) provides an exception to the general rule prohibiting hearsay. But, as a pre-condition to admissibility, it is incumbent upon the party offering child hearsay testimony to give notice, at least 15 days before trial, of its intent to rely on child hearsay statements. In addition to the notice itself must inform the opposing party of the particulars of the statements it intends to introduce.

In petitioner's trial, the prosecutor provided trial counsel with its notice of intended to rely on child hearsay statements. That notice indicated that he the prosecutor intended to rely on statements allegedly made by the alleged-victim to CARES NW

personnel, Shirani Pathak, and Julie Nehl. However, the notice failed to disclose any of the particulars of what those statements were. An objectively reasonable criminal defense attorney, under then-existing professional norms, would have objected to both any testimony of witnesses who testified to the alleged-victim's testimonial, out of court statements that were not subject to the contemporaneous cross-examination, as well as to the deficiency of the notice provided. Further an objectively reasonable criminal defense attorney, under then-existing professional norms, would have objected to out- of-court statements alleged ly made by the alleged victim and testified to by Detective Michael Purdy.

Petitioner was prejudice because the impermissible child hearsay statements (1) bolstered the alleged-victim's credibility; (2) provided specific details to complement the general allegations made against petitioner, and (3) Reduced the prosecution's burden of proof. Consequently, had trial counsel objected, that objection would have been sustained and there is a tendency that the result of the underlying proceeding would have bee different.

In support of this claim, petitioner relies upon petitioner's-Trial and sentencing transcripts, petitioner's Affidavit of Felix Espinoza-Quiroz, and petitioner's States's supplemental notice of intention to Offer Hearsay Statements Under 803 (18a)(b); Also **(See PCR- Amended Petition).**

C.      **Ground 3:** Ineffective Assistance of  trial Counsel in violation of Strickland's standards and Petitioner's Constitutional Rights Guaranteed Under the 5, 6, and 14th Amendments of the United States Constitution Due Process when trial Counsel failed to move to sever the two indictments and have petitioner tried separately in two trials or advise petitioner to plead guilty to the charges brought in case No. C101996CR. Petitioner was tried for the charges listed on the indictments for both Case No. C100947CR and C10199CR in one trial.

**Supporting FACTS:** Two indictments may be consolidated in one proceeding if they are to be of the same similar character, based on the same act or transaction, or based on two or more acts or transactions that are connected or constitute parts of a common schemme

or plan. However, if the consolidation creates a substantial prejudice on the criminal defendant a court may grant separate trials or some other from of relief to limit the prejudice. Petitioner's two indictments in Case No.  C100947CR, which consists twenty varying charges of sexual abuse, and Case No. C10199CR, which charges tampering with a witness, are not based on the same act or transaction, are not connected or constitute a part of a common scheme or plan, nor are of the same or similar character.

As such, had trial moved to have petitioner tried separately, the motion would have been granted. This would have prevented the jury in petitioner's trial for Case No. C100947CR from hearing the prejudicial evidence relating to the charge of tampering with a witness, furthermore, the prosecutor would have been preventing from making mention of the crime alleged in Case No. C10199CR. Furthermore, trial counsel failed to advise petitioner to the potential strategic benefit to pleading guilty tot he crimes alleged in Case No. C10199CR in order to limit the prosecutions ability to influence the jury's perception with evidence of the crime of tampering with a witness when deliberating regarding the various alleged sex crimes.

Trial counsel's failure to move to sever the two cases cannot be seen as a reasonable strategic or tactical way to further a defense objective. Trial counsel's failure to to move to sever or advise petitioner to plead guilty tot he crimes alleged in case No. C10199CR amounts to a constitutionally inadequate and ineffective assistance of rial counsel. Petitioner was prejudiced by the counsel's failure to adhere to a constitutionally minimum standard of care in either moving to sever the two case or advising petitioner to plead guilty to the crimes alleged in case No. C10199CR because, had tril counsel acted adequately, the jury that heard the charges brought against petitioner relating to the various sex crimes alleged in case No. C10199CR, creating a tendency that the underlying result of petitioner's criminal trial resulting differently.

**(See PCR- Amended Petition).**

**D.**    **Ground Four:** Ineffective Assistance of  trial Counsel in violation of Strickland's standards and Petitioner's Constitutional Rights Guaranteed Under the 5, 6, and 14th Amendments of the United States Constitution Due Process when trial counsel failed to

move for an election which would require the prosecutor to identify which set of factual occurrences it would rely on to support each allegation of petitioner's indictment. In case No. CR100947CR, the prosecutor alleged that petitioner committed twenty distinct crimes against the alleged-victim.

**Supporting FACTS: (Attention:** *(Attention:* At trial, the prosecutor alleged that petitioner committed multiple acts of abuse over the course of years. At the time of petitioner's criminal trial, an objectively reasonable felony criminal defense attorney would have moved for an election. Trial counsel's failure to move for an election cannot be construed as a permissible trial tactic. In the indictment, it was alleged that petitioner committed the charged crimes in counts 1-10 "on or about March 15, 2008," the crimes in counts 11-15 "on or about March 15, 2009," and the crimes in counts 16-20 "on or about March 15, 2010." However, at the trial there was no discernible evidence that would have allowed a jury to convict petitioner of the alleged charged crimes on or about the alleged dates, as indicted by the hung jury in petitioner's trial.

Petitioner was prejudiced by rial counsels failure to move for an election. Had trial counsel moved for an election, it would have been granted, Further, had trial counsel moved for an election the prosecution would have to have corroborated the specific factual occurrence that they were relying on to support each charge brought against petitioner. Because the prosecutor would have been unable to specify factual occurrence, corroborating each allegation in petitioner's indictment, there is a tendency that the result of the underlying criminal proceedings would have been different, in that instead of resulting in a hung jury on counts 1-7 and 10-20, the jury could have acquitted petitioner. **(See Indictment dated May 7, 2010, Trial and sentencing transcripts as well as Affidavit of Felix Espinoza-Quiros) Also (See PCR- Amended Petition).**

E.  **Ground Five:** Ineffective Assistance of trial Counsel in violation of Strickland's standards and Petitioner's Constitutional Rights Guaranteed Under the 5, 6, and 14th Amendments of the United States Constitution Due Process when trial Counsel failed to ensure that petitioner's guilty plea was entered knowingly, intelligently, and voluntarily.

**Supporting FACTS:** At the time petitioner entered his guilty plea, petitioner had received no formal education, in either Mexico or the United states, and was unable to read or write in either Spanish or English. Additionally, petitioner is unable to understand the spoken English language. Further, petitioner is a citizen of Mexico and resides in the United States as a legal immigrant. As such, petitioner required additional care and attention in creating assurance that he understood the ramifications of his charge in plea. Trial counsel failed to adequately explain the potential ramifications of petitioner entering a guilty plea to counts 1-7 and 10-20 in case No. C100947CR. Petitioner, with his limited education and understanding of the criminal justice system further complicated by his language barrier, was unaware that he was pleading guilty to these charges which he believe had already been fully litigated following his initial jury trial. Trial counsel failed to explain to the petitioner that his guilty plea to counts 1-7 and 10-20 would resulted in a longer incarceration in addition to what he had already been sentenced to in respect to counts 8 and 9 of case No. C100947CR and case No. C101996CR.

It is clear that as a result in the hung jury in petitioner's initial jury trial Case No. C100947CR that some jurors were able to find a reasonable doubt into whether petitioner had committed the alleged crimes. Had trial counsel taking time and effort in explaining the circumstances of his case and the result of his initial trial, petitioner would not have entered into a guilty plea. Trial counsel's failure to ensure  that petitioner's guilty plea was knowing, voluntary, and intelligent cannot be seen as a reasonable tactical or strategic way to further a defense objective. An objectively reasonable criminal defense attorney, under then-existing professional norms, would have taken adequate steps in insuring that petitioner's plea was made knowingly, intelligently and voluntarely. Petitioner was prejudiced by trial counsel's failure to ensure that petitioner's guilty plea was knowing, voluntary and intelligent because, had petitioner been adequately informed and aware of the nature of his case he would not have entered a guilty plea and would have continued to hold the prosecution to its burden, where there is a tendency that the result of the

underlying criminal proceeding would have been different.  (See **PCR Brief-Trial and sentence Trans- and PCR Exhibit 5 & 8 Affidavit of Espinoza-Quiroz**).

F.       **Ground Six:**  Petitioner's Constitutional Rights to a fair trial Guaranteed Under the 5, 6, and 14th Amendments of the United States Constitution Due Process are being violated based on the trial court's failure to ascertain whether petitioner was aware that by entering a guilty plea that petitioner was waiving his confrontational rights and his protection from self-incrimination, and also failed to question petitioner on certain key points require by statute, further failed by not informing the him of the maximum possible sentence from consecutive sentences.

**Supporting FACTS:** As such petitioner was prejudiced when the trial court accepted his guilty plea 'without first addressing the defendant personally and determining that the defendant's nature of the charge' in violation of petitioner's rights.

While each of the above violations may not, individually, entitle to post conviction relief, the trial court's misconduct and the aggregate of trial counsel's objectively unreasonable acts and omissions make clear that petitioner suffered prejudice. In other words, had trial counsel acted reasonably, there is a tendency that the result of petitioner's criminal trial would have been  different. (See PCR-Amended Petition and PCR Memo)

**Attention, Note:** *All the information provided above as supporting facts has been copied from the Amended petition  for Post Conviction Relief which has been done by petitioner's PCR prior Attorney. Please Note that petitioner had requested help at the SRCI, Legal Library for the preparation of this federal habeas filing. Petitioner does not speak, read or write English doesn't have education. Due to his language barrier he needs a Federal attorney to represent him in this Federal Habeas Corpus proceedings. Please consider petitioner's incompetence and grant him motion for counsel).*

## OTHER INFORMATION

19.    Please answer these additional questions about the petition you are filing:

a.    Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?

[ ] Yes                [ ] No

If your answer is "No", state which grounds have not been so presented and give your reason(s) for not presenting them: **NA**
Is there any grounds in this petition that has not been presented in some state or

federal court? If so,   identify which ground or grounds that have not been presented, and state

your reasons for not presenting them: NA

20.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, state or federal, for the judgment you are challenging here?

[ ] Yes                [X] No

If "Yes", state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised:
<u>NA</u>

21.    Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

a.    At preliminary hearing: Conor Huseby OSB # 063737

<u>Metrpolitan Publict Defenders Office, 400 E Main Street, Suite 210 Hillsboro OR.</u>

<u>97123</u>

b.    At arraignment and plea: Conor Huseby OSB # 063737

<u>Metrpolitan Publict Defenders Office, 400 E Main Street, Suite 210 Hillsboro OR.</u>

<u>97123</u>

c.    At trial: **Conor Huseby OSB # 063737**

<u>Metrpolitan Publict Defenders Office, 400 E Main Street, Suite 210 Hillsboro OR.</u>

<u>97123</u>

d.    At sentencing: **Conor Huseby OSB # 063737**

<u>Metrpolitan Publict Defenders Office, 400 E Main Street, Suite 210 Hillsboro OR.</u>

<u>97123</u>

Page -- of – Federal Habeas Corpus

e.       On appeal: **Eric R. Johansen OSB # 822919**

         Office of Public Defense Services, 1175 Court Street NE, Salem Oregon 97301

f.       In any post-conviction proceeding: Vaness, Mooney OSB #

         285 Liberty St. NE, Suite 360, Salem OR. 97301.

g.       On appeal from any adverse ruling in a post-conviction proceeding: **Jed Piterson**

         OSB# 084425

         1500 SW First Ave, Suite 1090 Portland OR, 97201

22.     Is this the first *federal* petition for writ of habeas corpus challenging this conviction?

         [X] Yes            [ ] No

a.       If no, in what court was the prior action filed? **NA**

b.       What was the prior case number? **NA**

c.       Was the prior action:        [ ] Decided on the merits, or  **NA**

                                [ ] Dismissed on procedural grounds.   **NA**

d.       Date of decision: **NA**

e.       Are there any issues in this petition raised in the prior petition?

         [ ] Yes            [ ] No   [X] **NA**

f.       If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this successive petition?

         [ ] Yes            [ ] No  [X] **NA**

         If the answer is "yes", you *must* attach a copy of the order received from the Ninth Circuit Court of Appeals. **NA**

23.     Do you have any future sentences to serve after you complete the sentence imposed by the judgment under attack?

         [ ] Yes            [X] No

a.       If so, give the name and location of the court which imposed the sentence to be served in the future: **NA**

b. Give the date and length to be served in the future: **NA**

c. Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

[ ] Yes         [X] No

24. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one year statute of limitations as contained in 28 U.S.C § 2244(d) does not bar your petition:
This Habeas Petition its been timely filed according to the mandates of 28 U.S.C §

2244(d)

25. Date you are mailing (or handing to correctional officer for mailing) this petition to the

court:

Electronically filed on 3-16-2018

**WHEREFORE,** petitioner prays that the court will grant such relief to which he or she may be entitled in this federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by a person in state custody.

### DECLARATION UNDER PENALTY OF PERJURY

I declare, (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

3-16-2018                                 *Felix Espinoza Quiroz*
Date                                          Felix Espinoza-Quiroz
                                                   SID# 18447509
                                                   Snake River Correctional Institution
                                                   777 Stanton Blvd
                                                   Ontario, Oregon  97914

Page -- of – Federal Habeas Corpus

## CERTIFICATE OF SERVICE

**CASE NAME:** <u>ESPINOZA-QUIROZ v. BRAD CAIN</u>

**CASE NUMBER:** NA

COMES NOW, Felix Espinoza-Quioz, and certifies that I am incarcerated by the Oregon

Department of Corrections at Snake River Correctional Institution.

That on the 16th day of March, 2018, I personally handed this documents to the Law

Library Coordinator at SRCI and she had electronically filed A TRUE COPY of the following to

the US District Court for the District of Oregon:

<u>Writ of Habeas Corpus Documents, 1 In Forma Pauperis Document, 1 Motion for
Counsel, 1 letter to the clerk of the court, 6 Months printout.</u>

The above had been electronically filed to the Clerk of the US District Court for the

District of Oregon:

United States District Court
For the District of Oregon
740 U.S. Courthouse,
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

_Feliz Espinoza Quiroz_
(Signature)
Petitioner Name
SID# 18447509
Snake River Correctional Institution
777 Stanton Blvd
Ontario, Oregon 97914