UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

FELIX ESPINOZA-QUIROZ,

    Petitioner,

v.

BRAD CAIN, Superintendent,
Snake River Correctional Institution,

    Respondent.

Case No. 2:18-cv-00467-MC

OPINION AND ORDER

MCSHANE, District Judge:

    Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging trial court error and the deprivation of his constitutional right to counsel. Respondent argues that petitioner's claims are procedurally defaulted and otherwise lack merit. Petitioner did not file a brief in support of his petition or respond to an Order to Show Cause why the petition should not be denied. Based on this record, petitioner fails to establish entitlement to federal habeas relief.

## BACKGROUND

    In May 2010, petitioner was indicted on numerous counts of sexual crimes, including Incest, Rape, Sodomy, Unlawful Sexual Penetration, and Sexual Abuse, arising from the sexual

abuse of his daughter. Resp't Ex. 102 at 2-5. In September 2010, petitioner was indicted on one count of Tampering with a Witness, based on petitioner's successful attempt to convince his daughter to recant the allegations against him. Resp't Ex. 102 at 1. In October 2010, petitioner proceeded to a jury trial on all charges.

The jury found petitioner guilty of two counts of Sexual Abuse in the First Degree and the single count of Tampering with a Witness. Resp't Ex. 104 at 482. The jury was unable to reach a verdict on the remaining counts, and the trial court declared a mistrial. Resp't Ex. 104 at 483-84. The trial court imposed concurrent 75-month sentences on each of petitioner's sexual abuse convictions and a consecutive, 24-month sentence on petitioner's tampering conviction, for a total of 99 months of imprisonment. Resp't Ex. 104 at 495.

In February 2011, petitioner pled guilty to all remaining charges against him. Resp't Ex. 103. The parties agreed that petitioner would be sentenced to a total of 120 months, with the sentenced to be served concurrent with the 99-month sentence previously imposed. The trial court accepted petitioner's guilty pleas and sentenced petitioner in accordance with the plea petition. Resp't Ex. 104 at 507-15, 522.

Petitioner subsequently filed a petition for post-conviction relief (PCR) and alleged several claims against trial counsel and the trial court. Resp't Exs. 111. After an evidentiary, the PCR court denied relief on all claims. Resp't Exs. 125-26. Petitioner appealed the denial of his claims alleging ineffective of counsel based on the failures to seek severance of the witness tampering charge and to object to the form of the hearsay notice issued by the prosecutor prior to the trial. Resp't Ex. 127. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Resp't Exs. 129-31.

Petitioner now seeks federal habeas relief.

DISCUSSION

In his federal habeas petition, petitioner alleges six grounds for relief. Pet. at 7-14 (ECF No. 2). Although petitioner raised all grounds in his PCR petition, he did not raise Grounds One, Four, Five, or Six before the Oregon appellate courts during his PCR appeal.[1] Resp't Exs. 111, 127, 129. As a result, these grounds are unexhausted and barred from federal review. *See* 28 U.S.C. § 2254(b)(1)(A); *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (before seeking federal habeas relief, a petitioner must "fairly present" a federal claim to the State's highest court "in order to give the State the opportunity to pass upon and to correct alleged violations of its prisoners' federal rights").

In Grounds Two, petitioner alleges that trial counsel was ineffective by failing to object to a hearsay notice issued by the prosecutor prior to trial, because the notice failed to describe the substance of the proposed hearsay statements with particularity. In Ground Three, petitioner alleges that counsel was ineffective by failing to move for severance of the witness tampering charge from the sexual abuse charges. Respondent maintains that the PCR court decision rejecting these claims is entitled to deference. I agree.

A federal court may not grant a habeas petition regarding any claim "adjudicated on the merits" in state court, unless the state court ruling "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state court decision is "contrary to" federal law if it fails to apply the correct Supreme Court authority, or if it reaches a different result in a case with facts "materially indistinguishable" from Supreme Court precedent. *Brown v. Payton*, 544 U.S.

---

[1] In Grounds One, Four, Five, or Six, petitioner alleges ineffective assistance of counsel based on trial counsel's alleged failures to retain an expert witness, move for election, and ensure that petitioner's plea was knowing and voluntary, and trial court error based on the trial court's failure to ensure his plea was knowing and voluntary. Pet. at 7-14.

Page 3    - OPINION AND ORDER

133, 141 (2005). A state court decision is an "unreasonable application" of clearly established federal law if the state court identifies the correct legal principle but applies it in an "objectively unreasonable manner." *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002) (per curiam).

Under well-established Supreme Court precedent, a habeas petitioner alleging ineffective assistance of counsel must show that 1) "counsel's performance was deficient," and 2) counsel's "deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, petitioner "must show that counsel's representations fell below an objective standard of reasonableness." *Id.* at 688. To demonstrate prejudice, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Unless petitioner "makes both showings, it cannot be said that the conviction...resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687.

The PCR court rejected petitioner's claim that trial counsel was deficient by failing to object to the notice of hearsay based on its lack of particular information. Resp't Ex. 126 at 2. The PCR court explained that the "notice advised Petitioner of who the witnesses [to the statements] were and where statements could be found in the discovery material. His trial attorney felt that notice was adequate. There is no credible evidence that an objection would have been successful." Resp't Ex. 126 at 2. The PCR court's decision was not unreasonable.

During his PCR appeal, petitioner cited the decision in *State v. Chase*, 240 Or. App. 541 (2011), where the Oregon Court of Appeals held that a notice of hearsay statement must identify the "substance of the statement sought to be introduced" and "identify the witness or the means by which the statement would be introduced." *Id.* at 546-47. Notably, the decision in *Chase* was issued after petitioner's trial in October 2010. The Oregon Court of Appeals subsequently

concluded that *Chase* "broke new ground," because "[n]o prior appellate decision had addressed . . . whether the state's OEC 803(18a)(b) notice, although timely, may still be insufficient based on vagueness." *Hagberg v. Coursey*, 269 Or. App. 377, 386 (2015). Accordingly, at the time of petitioner's trial, counsel had no basis to object to the notice on particularity grounds.

"A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. Given that trial counsel did not have the benefit of *Chase* and could not have necessarily anticipated its holding, the PCR court reasonably found that counsel was not deficient in failing to object to the notice. *See Clark v. Arnold*, 769 F.3d 711, 727 (9th Cir. 2014) (explaining that *Strickland* does "not expect counsel to be prescient about the direction the law will take") (citation omitted); *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994) (stating that counsel does not render ineffective assistance by failing to anticipate a decision in a later case).

The PCR court also rejected petitioner's claim that counsel was deficient in failing to seek severance of the witness tampering charge. Specifically, the PCR court found, "There was no credible evidence presented that a motion to sever would have been successful or that even if granted the witness tampering evidence would not have been admissible in the sex related case." Resp't Ex. 126 at 2. This finding was not unreasonable.

During the PCR proceedings, petitioner's trial counsel submitted an affidavit and explained why he did not seek severance of the witness tampering charge.

> [A] key piece of evidence for the defense in Case C100947CR [the sexual allegations case] was the fact that the victim had recanted the allegations at one point. The reason she recanted the allegations, according to the state, was because the defendant had tampered with her. These were the allegations that gave rise to Case No. C1001966CR [the witness-tampering case]. There was simply no way the defense could use the victim's recantation without the state also being allowed

to address the alleged reasons for the recantation. Thus, even had the cases been severed, the jury still would have heard about the witness tampering allegations.

Resp't Ex. 120 at 3. As an initial matter, counsel's decision was a strategic one, and "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690.

Moreover, petitioner fails to explain how trial counsel could have introduced evidence that his daughter recanted the allegations while also excluding evidence that she did so because of petitioner's coercion. The jury would have heard evidence of petitioner's witness tampering regardless of severance, and the PCR court reasonably concluded found no deficiency or prejudice. *Sandoval v. Calderon*, 241 F.3d 765, 772 (9th Cir. 2000) (explaining that "cross-admissibility dispels the prejudicial impact of joining all counts in the same trial" because "[t]he jury would have heard the evidence in any event").

Accordingly, petitioner fails to establish that his counsel rendered ineffective assistance, and he is not entitled to habeas relief.

## CONCLUSION

The Petition for Writ of Habeas Corpus (ECF No. 2) is DENIED and this case is DISMISSED. A Certificate of Appealability is denied on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

DATED this 1st day of November, 2019.

                                              s/ Michael J. McShane
                                              Michael J. McShane
                                              United States District Judge